NOT DESIGNATED FOR PUBLICATION

No. 116,309

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

JEREMY L. WEST,
*Appellant*.


MEMORANDUM OPINION

Appeal from Sedgwick District Court; DAVID L. DAHL, judge. Opinion filed January 26, 2018. Affirmed.

*Carl F.A. Maughan*, of Maughan Law Group LC, of Wichita, for appellant.

*Matt J. Maloney*, assistant district attorney, *Marc Bennett*, district attorney, and *Derek Schmidt*, attorney general, for appellee.

Before ARNOLD-BURGER, C.J., BUSER and SCHROEDER, JJ.

PER CURIAM: Jeremy L. West appeals the district court's revocation of his probation and imposition of a lesser prison sentence. West concedes that he committed new crimes while on probation. But he asserts that the district court abused its discretion by failing to consider the alternative to prison: specifically, probation reinstatement and participation in a drug treatment program. Because the district judge had the discretion under K.S.A. 2016 Supp. 22-3716(c)(8) to revoke West's probation and impose the underlying or any lesser prison sentence without first imposing an intermediate sanction

1

and its decision was not unreasonable, nor did it result from an error of law or fact, we affirm.

## FACTUAL AND PROCEDURAL HISTORY

In October 2014, West pled guilty to one count of possession of methamphetamine and one count of possession of opiates. The district court granted West 18 months' probation from an underlying 21-month prison term. In March 2016, the district court held a probation violation hearing after it was alleged that West committed new crimes of aggravated burglary and theft while on probation. West admitted to committing the crimes, and the district court found he violated probation. After hearing argument, the district court revoked West's probation and imposed a lesser sentence of 18 months in prison.

West timely appeals.

## ANALYSIS

West asserts on appeal that the district court abused its discretion in revoking probation and imposing a lesser prison sentence without considering the alternative to prison: probation reinstatement and a drug treatment program.

The procedure for revoking a defendant's probation is governed by K.S.A. 2016 Supp. 22-3716. Generally, once there has been evidence of a violation of the conditions of probation, the decision to revoke probation rests in the district court's sound discretion. *State v. Gumfory*, 281 Kan. 1168, 1170, 135 P.3d 1191 (2006). An abuse of discretion occurs when judicial action is arbitrary, fanciful, or unreasonable; is based on an error of law; or is based on an error of fact. *State v. Mosher*, 299 Kan. 1, 3, 319 P.3d 1253 (2014). The party asserting the district court abused its discretion bears the burden of showing such an abuse of discretion. *State v. Stafford*, 296 Kan. 25, 45, 290 P.3d 562 (2012). A

2

district court abuses its discretion by committing an error of law in the application of K.S.A. 2016 Supp. 22-3716 when revoking a defendant's probation. See *State v. Still*, No. 112,928, 2015 WL 4588297, at *1 (Kan. App. 2015) (unpublished opinion).

Generally, district courts must impose graduated sanctions on defendants who have violated their probation. See K.S.A. 2016 Supp. 22-3716. But state law allows the district court to order a probation violator to serve his or her original sentence when the violator has committed a new crime while on probation. K.S.A. 2016 Supp. 22-3716(c)(8). Here, West stipulated to committing another crime about five weeks after being placed on probation. The district judge modified West's sentence to a lesser term of 18 months advising West he did so "to try to show you that I still have some faith in you and that I want you to succeed in this whole thing."

Based on the record on appeal, there has been no showing that the district court acted unreasonably, made an error of fact, or made an error of law in revoking West's probation and imposing a lesser prison sentence in this case. Although West states that his substance abuse problems are the cause of his criminal behavior, we find that the district court's decision was reasonable based on West's commission of new crimes shortly after being granted probation. West's further criminal behavior proved that he was not amendable to obtaining substance abuse treatment while on probation.

Affirmed.

3